**In re TEMPLE STEPHENS CO., INC., Debtor.**

**Bankruptcy No. 92-20576-C-11.**

United States Bankruptcy Court,
W.D. Missouri, C.D.

Oct. 7, 1992.

Jerry W. Venters, Jefferson City, Mo., for Boone County Nat. Bank.

Rebecca McGinnis, Gage & Tucker, Kansas City, Mo., for debtor.

Donald E. Bucher, Kansas City, Mo., for Synercon.

## MEMORANDUM OPINION

FRANK W. KOGER, Chief Judge.

In this Chapter 11 case, the Boone County National Bank has filed a Motion requesting that the Court order the Bank to pay the mechanic's lien claims filed by Synercon, Inc., d/b/a Synercon Construction Company, against real estate owned by the debtor. The Bank further would have the Court secure the repayment of said advance by a lien (which would be a sixth lien) on real estate owned by debtor but as to which all parties agree there is still equity behind the Bank's five secured loans. The Bank suggests that 11 U.S.C. § 364 would authorize such lending and such security.

Debtor objects to the payment of said claims, the lending of money by the Bank to it, and the creation of a secured interest in its real estate. A bankruptcy seasoned stranger wandering into the hearing on this motion would have been hard pressed to identify the clients of the arguing counsel since the positions espoused were diametrically opposed to the norm. Usually it is the debtor who plays "wannabe a borrower" while the financial institution plays "nowannabe a lender". A brief review of the facts will help clarify why the parties were outside their usual orbit and displaying unusual tactics.

Debtor owns substantial interests in real estate. One of debtor's properties in Columbia, Missouri, is improved by a substantial shopping center type of building. The majority of that building was occupied by a grocery store. Part of the building was vacant, the grocery store wanted to expand, and debtor wanted to rent the unoccupied portion. The only question was who paid for the desired improvements in the building, and that became the subject of serious negotiation. In a very simplified version it was agreed that the grocery store would pay for the improvements in that portion of the building which it already occupied and debtor would pay for the improvements in the previously unoccupied portion of the store. The parties obtained an estimate from Synercon that broke into two parts the anticipated costs. As to those numbers, there was no problem and construction was started and has been completed.

However, the architect (who was being paid by the grocery store) approved a series of change orders that increased the cost of the improvements in the portion of the store where the debtor was responsible. That increase was equal to the $176,000.00 that Synercon claims it is owed and the Bank wants to finance.

Not surprisingly, debtor feels that since the grocery store initiated the change orders, the architect employed by the grocery store approved the change orders and debt-

or was never consulted, the debtor was not the appropriate party to pay. The Bank did not want to watch while the debtor and Synercon fought it out because part of the fight would be how many of the Bank's liens would be subordinated to the mechanic's liens of Synercon. Ergo, the Bank's motion.

■■■ 11 U.S.C. § 364(a) allows a trustee (DIP) to obtain unsecured credit in the ordinary course of business and rewards the provider with an administrative expense claim. 11 U.S.C. § 364(b), (c) and (d) provide for: (1) obtaining non-ordinary course of business unsecured credit; (2) obtaining secured credit; (3) granting of liens and priority as to the new and old liens on debtor's property. Nowhere does § 364 authorize lending per se; it is borrowing that is authorized. It is this Court's conclusion that 11 U.S.C. § 364 never comes into play unless the trustee (DIP) seeks some extension of credit, whether it be pursuant to 11 U.S.C. § 364(a) or § 364(b) or § 364(c). Further, this Court concludes that secured lending can only be authorized after the introduction of substantial evidence that no other means of financing is available. Here neither condition existed nor was shown. Finally, the Court was unable to find any case allowing a lender to "force place" a loan against a debtor where the debtor was not seeking same. While the mere fact that a proposition is unique and untried should never be the sole criteria for its merit, the Court declines to endorse this new and novel departure from the commonplace, believing it neither fits nor serves the thrust of the Bankruptcy Act. Accordingly, the Motion of the Boone County Bank is DENIED.

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.

SO ORDERED.